UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,           Case Number 18-cr-20481

v.

                                   Paul D. Borman

JUAN FRANKLIN,             United States District Judge

                    Defendant.

_____/

## ORDER RE "DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANT OR IN THE ALTERNATIVE CONDUCT A FRANKS HEARING" (ECF #18.); SETTING AN *IN CAMERA* HEARING WITH THE CONFIDENTIAL INFORMANT

     Defendant Juan Franklin is charged in an indictment with: Count One, Possession with Intent to Distribute Controlled Substances (cocaine), 21 U.S.C. §841(a)(1); Count Two: Possession with Intent to Distribute Controlled Substances (heroin), 21 U.S.C. §841(a)(1); Count Three: Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1); Count Four: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. §924 (c) relating to the crimes of possession with intent to distribute a controlled substance in Counts One and Two, 18 U.S.C. §924 (c)(1)(A).

     The Government alleges that all four counts relate to a search warrant execution by Federal agents on June 28, 2018 of his room at the Woodward Inn

Motel in Highland Park, Michigan where they seized a loaded handgun, ammunition, drugs, a digital scale, and a ledger of names and prices. The Government further alleges that following Defendant's arrest, and *Miranda* warning, he admitted that the firearm and narcotics belonged to him.

Defendant challenges the search warrant affidavit, signed by affiant ATF Special Agent Derrick Bird which was focused on the offense of Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §841(a). The affidavit stated that S.A. Bird used a confidential informant (CI) to purchase narcotics from Defendant on two occasions, and that on more than 10 prior occasions, the information provided by the CI proved reliable and credible.

The affidavit recounted that in June, 2018 the CI had recently observed Defendant Franklin with cocaine and a black and gray 9 mm handgun in Room 212 of the Woodward Inn Motel, and that he had Defendant's phone number which he used to set up narcotic purchases.

The affidavit proceeded to detail that on June 12, 2018, an ATF Task Force Officer had spoken to a motel clerk and learned that Defendant lived in Room 212 on the second floor of the Woodward Inn, which the CI confirmed.

The affidavit then proceeds to detail the two controlled buy recorded purchases of cocaine by the CI from the Defendant at that location on June 15,

2018, and June 19, 2018.

The affiant confirmed Defendant Franklin's criminal history of a 1997 armed robbery conviction, a 2000 attempt-delivery/manufacturing control substance felony conviction and a 2011 possession of a controlled substance felony conviction.

U.S. Magistrate Judge David Grand signed the search warrant on June 25, 2018.

Defendant's motion seeks (1) any written or recorded statements made to or heard by the informant (2) any conversations or memoranda made by the informant and (3) the informant's criminal history.

Defendant contends that S.A. Bird presented a "bare bones affidavit" to the Magistrate Judge. (ECF #18, Page ID 47.) This Court concludes that the affidavit is not "bare bones, as it is very specific as to surveillance and corroboration of the controlled buys, and the informant's reliability.

Defendant challenges the affiant's allegation that the confidential informant exists, and purchased illegal controlled substances from Defendant Franklin. Defendant seeks a copy of the audio recordings of the buys, and any prerecorded conversations. Because the government does not intend to use the CI's testimony or recordings at trial, it objects to revealing information that would, in essence

3

reveal his identity.

*Roviaro* v. *United States*, 353 U.S. 53 (1957) is the seminal decision regarding the informer's privilege. In that case, the CI was the only eyewitness participant to the charged illegal sale of narcotics. The Supreme Court held that "where the disclosure of an informer's identity, or the contents of his conversation is relevant and helpful to the defense of an accused . . . the privilege must give way." *Roviaro* at 60-61

In the instant case, although the CI was not involved n the search warrant execution of Defendant's motel room that produced the narcotics and firearms charged in this case, the CI's two prior purchases of drugs at that location provided the strongest evidence in the affidavit supporting the issuance of the search warrant.

The Court concludes that, as in *Roviaro*, the balancing of the "informer's privilege" against the fundamental requirements of fairness to the accused, under the facts in this case where the Defendant challenges the existence of the Government's informant, the balance tips in favor of requiring the disclosure of the informer's identity and his recording of sales to the Court, *in camera*. The Sixth Amendment right to counsel, and the Defendant's right to due process compel this conclusion. The facts of this case contrast with *United States* v. *Beals*. 698 F3d

4

248, 270 (6th Cir. 2012) where in upholding the district court's ruling to withhold the identity of its CI, the Court noted that, in contrast to *Roviaro*, its CI "did not orchestrate or involve himself in any" drug purchases. The instant case is not that involving a mere tipster. See LaFave, Israel et. al. Criminal Procedure §24.3(g) at nn 226 and 231 (Fourth Ed 2015)

Thus, the Court will hold an ex parte hearing with the alleged confidential informant present, and listen to the audio tapes of the undercover buys, to establish the existence and involvement, *vel non*, of the CI.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 27, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2018.

s/Deborah Tofil  
Case Manager