UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                        Case No. 18-cr-20481
                                                        District Judge Paul D. Borman

JUAN FRANKLIN,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 37)**

Defendant Juan Franklin, who is 46 years old, filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) on October 6, 2020. (ECF No. 37.) On October 20, 2020, the Government filed a Response in Opposition. (ECF No. 41.) On October 27, 2020, Defendant Franklin filed a Reply. (ECF No. 44.)

Defendant requests a hearing. The Court concludes that the matter is fully and fairly submitted on the briefs, and a hearing is not necessary. (Local Rule 7.1.) The United States Court of Appeals for the Sixth Circuit recently stated that "nothing in 18 U.S.C. § 3582(c)'s text compels a court to hold one…we will not read a hearing requirement into § 3582(c)(1)(A)…" *United States v. Keefer*, __ F. App'x __ (2020), 2020 WL 6112795, October 16, 2020, at pp. 8-9.

1

Defendant contends that "COVID-19 has created unprecedented danger to incarcerated people within the BOP." (ECF No. 37, PageID 153.) Defendant is housed at FCI-Butner Low, which is a designated BOP medical facility.

Defendant contends that he suffers from serious medical conditions, "including heart disease [pacemaker], kidney disease, primary hypertension, chronic obstructive pulmonary disease, and obesity [BMI over 30]. Because of this he is particularly susceptible to severe complications from COVID-19. He tested positive for COVID-19 in June of 2020 and fears that he will be infected again." (*Id*. at PageID 154.) After being quarantined, Defendant has since tested negative for COVID-19.

Defendant notes that he pled guilty on February 11, 2019 to two charges: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). At his sentencing on July 15, 2019, the Court imposed a six-month sentence on the possession charge, and a mandatory minimum consecutive 60-month sentence for the "furtherance" charge, for a total sentence of 66 months. Defendant notes that as of October 6, 2020, he "has served approximately 21 percent of his sentence…has a home detention date of November 11, 2023, and a projected release date of May 11, 2024." (*Id*. at PageID 154.) He has completed the 12-hour drug program, but

has not been able to participate in further programming due to COVID-19. (*Id.*) He has not received any BOP discipline. (*Id.*)

The parties agree that Defendant Franklin has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A)(i); thus, this matter is properly before the Court.

Defendant recognizes that § 3582(c)(1)(A) permits sentencing judges to grant a reduction, "after considering the 3553(a) factors: if 'extraordinary and compelling conditions warrant such a reduction,' and such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." (*Id.* at PageID 155.)

Defendant initially contends that the COVID-19 pandemic constitutes an extraordinary situation warranting release. (*Id.*) Defendant further contends that he qualifies for release because his medical conditions present Extraordinary and Compelling Reasons for Release, citing to Defendant's attached BOP Health Services records. (ECF No. 38, Sealed Exhibit 5: 168 pages.)

The Court recognizes that Defendant has myriad health issues that, as confirmed by his BOP Health Services records, have been dealt with at Butner over his short period of incarceration.

The Defendant concludes his Motion by stating that "The 18 U.S.C. § 3553(a) factors weigh in favor of release, and Mr. Franklin is not a danger to the

3

community." (*Id.* at PageID 171.) However, Defendant discusses only one other 3553(a) factor--"to provide the Defendant with…medical care…in the most effective manner" (§ 3553(a)(2)(D)).

The Government response opposing Defendant's Motion states:

> Although Franklin's heightened risk from COVID-19 based on his medical condition, qualifies as an "extraordinary and compelling reason" for release under § 1B1.13(a) & cmt. n.1(A), Franklin's offense and criminal history make him a continued danger to the community.

(ECF No. 41, 10-20-2020, PageID 354-355.)

The Government asserts that the Bureau of Prisons has put in place and updates its protocols in response to COVID-19 within its facilities, as the United States Court of Appeals for the Sixth Circuit noted in *Wilson v. Williams*, 961 F.3d 829, 840, 844 (6th Cir. 2020).

The Government contends that Defendant Franklin is ineligible for compassionate release because it would not be "consistent with the applicable policy statements issued by the Sentencing Commission." (18 U.S.C. § 3582(c)(1)(A)). Sentencing Guideline 1B1.13 restricts compassionate release to defendant's whose release would pose a danger to the safety of the community. Thus, "the Government's position is that Franklin remains ineligible for compassionate release because of the danger that he poses to the community," tracking the language of Guideline 1B1.13(2): "defendant is not a danger to the

4

safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The latter provision is contained within the pretrial release/detention statute as a factor that must be considered in determining whether to release or detain a defendant. (*Id*. at PageID 368-369.)

The Government notes that Defendant, who was sentenced to 66-months incarceration, has served a little over 20 percent of his sentence, and that the Sixth Circuit has supported a district court's consideration of this fact in the compassionate release context in *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir., May 18, 2020).

In conclusion, the Government states:

> The crime he committed was a serious one. He has a pattern of criminal activity. He has engaged in drug crimes and armed robberies.

(*Id*. at PageID 371.)

Defendant's Reply states that because, prior to the instant conviction, Defendant's last conviction was in 2009, more than 10 years ago, the Court should focus on his record today--no prison discipline, and his rehabilitative efforts. (ECF No. 44, PageID 376-377.) Defendant's Reply also emphasizes that his serious cardiac condition would create an extremely dangerous situation if combined with a new COVID-19 positive.

## DISCUSSION

The Court notes that it was aware of Defendant's serious medical condition and his need for treatment at his sentencing on July 15, 2019. (ECF No. 45, Sentencing Transcript.) Indeed, the Court asked defense counsel to elaborate on Defendant's medical condition for the record, that included the installation of the pacemaker in 2017. (*Id*. at PageID 388-389.)

The Government, at the sentencing, did not dispute any of the serious health issues. (*Id*. at PageID 390.)

The Court notes that Defendant's Presentence Investigation Report (PSR) detailed his BMI (5' 9" tall, 250 pounds), and his multiple health issues for which he was prescribed medication. (PSR at ¶¶ 48-49, p. 13.)

In sentencing Defendant to 66 months incarceration, the Court concluded:

> This is a serious offense. He's got drugs. He's got a gun. He's out in the neighborhood selling.
>
> Prior convictions, he has those. He has an armed robbery way back…he has a drug offense in '99, drug offense in 2008.

(*Id*. at PageID 391.)

Indeed, the Court concluded at the sentencing that this was a serious offense, there was a need to protect the public from further crimes of the Defendant and, at the same time, recognized the necessity to provide him with medical care. (*Id*. at PageID 391.) The Court recommended that he be placed in a medical center--and

6

indeed recommended FCI-Butner Medical Center as his counsel had requested, and where Defendant is presently incarcerated. (*Id*. at PageID 394.)

This history establishes the Court's awareness of Defendant's significant medical history 15 months ago at his sentencing. At the same time, the Court also recognizes the present serious impact of the COVID-19 pandemic and its impact on compromised individuals like Defendant Franklin.

The Court has not identified any further health deterioration while Defendant has been at FCI-Butner. Indeed, the 168 pages of medical records from FCI-Butner provided by Defendant in ECF No. 38, "sealed," do not establish further health deterioration, or that he is unable to care for himself.

In *United States v. Keefer*, __ F. App'x ___ , 2020 WL 6112795, October 16, 22020, the Sixth Circuit upheld a district court's denial of a defendant's request for compassionate release noting that, as here, the defendant "is housed in a medical facility and has access to treatment for all of his health issues," and that "the health factors that the defendant's motion highlighted were known by the district court at the time of his sentencing." (*Keefer* at p. 3.) The Sixth Circuit further noted that, as in Defendant Franklin's case, "a district court will *already* have considered and balanced the § 3553(a) factors the first time around at the original sentencing." (*Keefer* at p. 5.)

7

This Court further notes a recent Sixth Circuit published opinion in *United States v. Ruffin*, __ F.3d ___ (6th Cir. 2020), 2020 WL 6268582 (6th Cir., October 26, 2020, Case # 20-5748), that deals with a federal prisoner serving a lengthy prison term, who suffers from many health conditions that he asserts increased his COVID-19 risks while in prison.

This Court finds pertinent to this case the following language from *Ruffin*:

> Even when extraordinary and compelling reasons exist, the statute leaves district courts the discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a). (WL at *1.)
>
> The court discounted the mitigating value of his health conditions because they predated his current offenses and had not hindered his ability to commit them. (WL at *2.)
>
> Ruffin has now served 10 years [40 percent] of his 25-year sentence. (WL at *3.)
>
> The district court noted that the Sentencing Commission's guidance required Ruffin to show that, if released, he would not be a "danger" to the community. U.S.S.G. § 1B1.13(2). (WL at *3.)
>
> Lastly the [district] court held that the § 3553(a) factors counseled against reducing Ruffin's sentence. The court reiterated that Ruffin had only served a fraction of that sentence and that his immediate release would not reflect the seriousness of his offenses. (WL at *4.)
>
> We have repeatedly recognized that district courts may deny relief, under the § 3553(a) factors even if "extraordinary and compelling" reasons would otherwise justify relief. *See*, *e.g., Keefer*, 2020 WL 6112795, at *5…When reviewing such a discretionary decision, we

8

> consider the entire record, including the court's balancing of the § 3553(a) factors at the original sentencing. (WL at *10.)
>
> We have recognized that some of the § 3553(a) factors, including the "need to provide just punishment" and "to reflect the seriousness of the offense," allow the courts to consider the "amount of time" that a defendant has served on a sentence when deciding whether to grant a sentence reduction. *Kincaid*, 802 F. App'x at 188; *see* 18 U.S.C. § 3553(a)(2)(A). (WL at *10.)
>
> Despite the serious nature of his health conditions Ruffin was receiving medical treatment to manage those conditions. (WL at *10-11.)

This Court will proceed to discuss Franklin's 3553(a) factors in response to the instant Motion:

(1) The nature and circumstance of the instant offense are very serious convictions for a firearm and drugs, and his history contains a significant record of criminality. The Court also recognizes his medical history did not stop his criminal behavior, and is being treated at FCI Butner.

(2) There is still a need for the sentence imposed to continue to be served to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter similar criminal conduct, <u>and</u> to protect the public from further crimes of Defendant Franklin.

This Court concludes that the Sixth Circuit published opinion in *Ruffin*, as applied to the fact in Franklin's case, discussed *supra*, supports this Court's denial of Franklin's Motion for Compassionate Release because he remains a danger to the community.

## CONCLUSION

For the aforementioned reasons, the Court DENIES Juan Franklin's Motion for Compassionate Release.

SO ORDERED.

DATED: November 2, 2020      s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE