UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 2:18-cr-20481

v.                                          Honorable Susan K. DeClercq
                                                   United States District Judge
JUAN FRANKLIN,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF No. 48)**

In February 2019, Defendant Juan Franklin pleaded guilty to possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), and to felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 28. In August 2020, he was sentenced to 66 months' imprisonment with 36 subsequent months of supervised release. ECF No. 33 at PageID.142–43. Franklin was also given a "home detention date of November 11, 2023." ECF No. 46 at PageID.397. In its sentence, the Court recommended that Franklin be placed in an institution with a Residential Drug Abuse Program. *Id.* at PageID.142.

As a condition of his supervised release, the Court ordered that Franklin participate in a substance-abuse program and, if needed, therapy. *Id.* at PageID.145. In June 2024, the Court modified the conditions of his supervised release to include

up to 180 days of residency in a Residential Reentry Center to help Franklin continue working and saving money to secure long-term, stable housing. ECF No. 47.

On July 28, 2025, Franklin moved for early termination of his supervised release, arguing that he has "been home since July 20th[,] 2023 when [he] went to the halfway house," maintained employment, maintained sobriety through negative drug testing, "stayed out of trouble with the law, … followed all the rules, … built a relationship back with [his] family," and was assessed as not needing additional substance-abuse services. ECF No. 48. He asserts that he is "a great asset to the community." *Id.* The Government responded that it takes no position. ECF No. 51. The Government added that its counsel "spoke with Franklin's probation officer … who represented that she does not object to Franklin's request." *Id.* at PageID.414.

"A district court may, after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C. § 3583(e)(1)). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).

The factors provided in § 3553(a) include as follows:

> the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, police statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution.

*United States v. Holmes*, No. 23-20138, 2025 WL 2589569 at *1 (E.D. Mich. Aug. 14, 2025); 18 U.S.C. § 3553(a). A court may also consider whether the defendant has exhibited "exceptionally good behavior," *see United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002); but such a finding is not "an absolute prerequisite to relief." *Hale*, 127 F.4th at 641.

This Court finds that terminating Franklin's supervised release early is warranted by his conduct and the interest of justice. *See Hale*, 127 F.4th at 640. Franklin has been serving his supervised release sentence for more than a year. *See* ECF Nos. 47; 48. And although the nature and circumstances of Franklin's offenses are serious, *see* ECF No. 48 at PageID.404, his post-release conduct demonstrates that continued supervised release appears no longer necessary to deter him or protect the public. *See United States v. Goodwin*, No. 17-20018, 2025 WL 1982873 at *1–2 (E.D. Mich. July 8, 2025) (granting early termination of supervised release for a defendant who pleaded guilty to drug trafficking and firearm charges).

Specifically, Franklin has maintained employment since August 14, 2023—

nearly two years by the time that he filed his motion. ECF No. 48. He also received no discipline while in prison, ECF No. 46 at PageID.400, nor participated in new criminal activity, ECF No. 47 at PageID.407. Although productive employment and "'unblemished' postrelease conduct" do not absolutely weigh in favor of early release, *see United States v. Vary*, 683 F. Supp. 3d 666, 669 (E.D. Mich. 2023), Franklin's likelihood of recidivism is much lower because of these facts. *See United States v. Anderson*, No. 22-20085, 2024 WL 3272125 at *2 (E.D. Mich. June 25, 2024) (emphasizing that a defendant "worked his way into a promising career opportunity that will enhance his rehabilitation and significantly reduce the likelihood of recidivism").

      Franklin's conduct further demonstrates that he no longer needs the substance abuse services that the Court ordered, having completed a drug program in prison, ECF No. 46 at PageID.397, maintained sobriety, and been assessed as no longer needing substance abuse treatments, ECF No. 48 at PageID.410. *See* 18 U.S.C. § 3553(a); *see also Holmes*, 2025 WL 2589569 at *2 (finding support for early termination of supervised release where the defendant tested negative for substances and was assessed as not requiring substance abuse treatment). Again, "faithful compliance with the terms of supervision is not an inherently sufficient reason for early termination," but Franklin's success with substance abuse services demonstrates "more than rote compliance" in light of in his other accomplishments

and the fact that he addressed one of the primary issues underlying his criminal record. *Anderson*, 2024 WL 3272125 at *2.

Franklin also mentions that he has rebuilt a relationship with his family, which courts have found to weigh in favor of early release. *See United States v. Berry*, 1:16-cr-20764, 2024 WL 1887054 at *2 (E.D. Mich. Apr. 30, 2024) (observing that familial support contributed to a finding that the defendant's likelihood of recidivism was low); *see also United States v. Goodwin*, No. 17-20018, 2025 WL 1982873 at *2 (E.D. Mich. July 8, 2025) (weighing in the defendant's favor the fact that the defendant was cultivating familial relationships and fulfilling responsibilities to them).

Most notably, Franklin's probation officer does not oppose Franklin's request for early release, and the Government takes no position. ECF No. 51 at PageID.414. *See Goodwin*, 2025 WL 1982873 at *2 ("The probation officer's input is important and helpful."). As courts have recognized, "[w]ith limited personnel available, it is important to [conserve] resources and discharge from supervision those defendants who pose little risk of reoffending and have reached the limit of the assistance that supervised release was intended to furnish." *Id.* Allocating such resources only where they are necessary is in the interest of justice. *See Anderson*, 2024 WL 3272125 at *2 (considering "the workload of our probation officers and the need to devote their energy where it is needed most").

Thus, having considered the relevant factors under § 3553(a), this Court finds that early termination of supervised release is warranted.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination from Supervised Release, ECF No. 48, is **GRANTED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 27, 2025